USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/15/2026

BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Eric R. Fish
direct dial: 212.589.4647
efish@bakerlaw.com

August 3, 2026

**VIA ECF**

Honorable Mary Kay Vyskocil
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

*Re:* *Adam Sorkin v. Fortune Media (USA) Corporation,*
Case No. 1:26-cv-03772-MKV

Dear Judge Vyskocil:

This firm represents Defendant Fortune Media (USA) LLC ("Defendant") in this matter. On July 15, 2026, the parties submitted a Letter Motion seeking an extension of time to answer, move, or otherwise respond to Plaintiff's Complaint until August 3, 2026 (ECF No. 13) which was granted by this Court on July 21, 2026 (ECF No. 14).

Pursuant to Rule 4(A)(i) of Your Honor's Individual Rules of Practice in Civil Cases, Fortune respectfully requests a pre-motion conference to discuss a motion to compel arbitration of Plaintiff's Adam Sorkin ("Plaintiff") Complaint (ECF No. 1) and dismiss or stay this action pending such arbitration pursuant to the Federal Arbitration Act (FAA) 9 U.S.C. § 4.

In the Complaint, Plaintiff alleges that Defendant installed tracking technology on Defendant's website https://fortune.com (the "Website") that disclosed Plaintiff's activity and personally identifiable information from his visit(s) to the Website to third parties that included Piano Media, The Trade Desk, Meta Platforms, Google and additional advertising technology partners, and that such tracking technology continued to disclose Plaintiff's activity after he chose to decline marketing cookies on the Website's privacy banner. (ECF 1 at ¶¶ 13-17.) Based on those allegations, Plaintiff seeks to assert the following claims on a class action basis: Electronic Communications Privacy Act, *i.e.* the Wiretap Act, 18 U.S.C. § 2510, *et seq.* ("ECPA") (Count I), the Video Privacy Protection Act ("VPPA") (Count II), Invasion of Privacy – Intrusion Upon

Seclusion (Count III), Fraud, Deceit, and/or Misrepresentation (Count IV), and Unjust Enrichment (Count V). (ECF 1 at ¶ 16, ¶¶ 177-241.)

Plaintiff, however, entered into an arbitration agreement with Defendant through which the parties agreed to arbitrate these claims. Specifically, Plaintiff alleges that he created an account with Defendant. (ECF 1 at ¶ 1.) Defendant's records reflect that, on January 15, 2026, Plaintiff created an account through Google by selecting "Continue with Google" from the following registration screen:




By selecting the "Continue with Google" button, Plaintiff would have agreed to Defendant's Terms of Use and Privacy Policy. The Terms of Use included an arbitration agreement, titled "Dispute

Atlanta Chicago Cincinnati Cleveland Columbus Costa Mesa Denver
Houston Los Angeles New York Orlando Philadelphia Seattle Washington, DC

Resolution: Agreement to Arbitrate Dispute, Waiver of Class Arbitration." That arbitration agreement, in pertinent part, provides that "any and all disputes, controversies, demands, counts, claims, or causes of action between you and us (including, but not limited to, disputes related in any way to the interpretation and scope of this Section 24, these Terms and Conditions generally, our Privacy Policy, and your use of the Web Site and Web Site Services) shall be settled exclusively through binding and confidential arbitration ("Arbitration")."

"The Federal Arbitration Act (the "FAA") requires courts to compel arbitration of claims that the parties have agreed to arbitrate." *Ziboukh v. Whaleco, Inc.,* 795 F. Supp. 3d 349, 370 (E.D.N.Y. 2025)(citing *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 339 (2011).) Courts have explained that "a party may agree to arbitrate when they have actual notice of the terms of the arbitration agreement or when notice of the terms is conspicuous enough to put a reasonably prudent person on inquiry notice and the person unambiguously manifests assent." *Hu v. Whaleco, Inc.,* 779 F. Supp. 3d 265, 283–84 (E.D.N.Y. 2024) (citing *Edmundson v. Klarna, Inc.*, 85 F.4th 695, 703 (2d Cir. 2023); *Meyer v. Uber Technologies, Inc.*, 868 F.3d 66, 74–75 (2d Cir. 2017). When "there is no evidence that an internet or app user had actual knowledge of the contractual terms, the user will still be bound if (1) a " 'reasonably prudent" person would be on *inquiry* notice' of the terms, and (2) the user unambiguously manifests assent 'through ... conduct that a reasonable person would understand to constitute assent." *Edmundson*, 85 F.4th at 703.

Courts have enforced arbitration agreements through which notice is given and assent is obtained under nearly identical, or less conspicuous, registration screens than the one through which Plaintiff created his account. Additionally, on January 15, 2026, the Website contained notice that "Use of this site constitutes acceptance of our Terms of Use and Privacy Policy," in which the words "Terms of Use" and "Privacy Policy" appeared in distinct blue text and included hyperlinks to Fortune's Terms of Use – which included the arbitration agreement.

Defendant respectfully requests that it be allowed to file a motion to compel arbitration and to either dismiss or stay this action pending such arbitration, while preserving its right to file a dispositive motion before this Court in the event that it is ultimately determined that this action is not subject to arbitration.

Defendant's counsel has conferred via correspondence with Plaintiff's counsel regarding the motion, and Plaintiff does not consent.

The request is DENIED without prejudice to renewal. On or before August 24, 2026, the Parties shall jointly propose a schedule for limited discovery into the issue of arbitrability.

Respectfully submitted,

*/s/ Eric R. Fish*

Eric R. Fish

cc: Counsel of Record (*via ECF*)

Date: 8/15/2026
New York, New York

Mary Kay Vyskocil
Mary Kay Vyskocil
United States District Judge